GROGAN, TUCCILLO & VANDERLEEDEN, LLP
KEVIN VANDERLEEDEN (*pro hac vice to be filed*)
HANNI GUO (*pro hac vice to be filed*)
JEFFREY SCHILLER (*pro hac vice to be filed*)
1350 Main Street, Suite 508
Springfield, MA 01103
Telephone: 413.736.5401
Email: *vanderleeden@gtv-ip.com*
        *guo@gtv-ip.com*
        *schiller@gtv-ip.com*

BUCHALTER LLP
MATTHEW L. SEROR (SBN: 235043)
NEUSHA ETEMAD (SBN: 329455)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Email : *mseror@buchalter.com*
        *netemad@buchalter.com*

Attorney for Plaintiffs Shenzhen Lvhe Zhixuan Technology Co., Ltd.,
d/b/a DenSecc-US, Shenzhen Huigou E-Commerce Co., Ltd.,
d/b/a Suuny64, XuChang LuoYan Keji YouxianGongSi d/b/a LuoYan Tech,
JiuJiangShi MiYaSuo MaoYi YouXianGongSi d/b/a Cavzru US,
LinYi ZhiZe WenHua ChuanMei YouXianGongSi d/b/a Mullburry, and
ShenZhenShi YaJiaDi MaoYi YouXianGongSi d/b/a yajiadimaoyi.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shenzhen Lvhe Zhixuan Technology Co., Ltd., d/b/a DenSecc-US,; Shenzhen Huigou E-Commerce Co., d/b/a Suuny64; XuChang LuoYan Keji YouxianGongSi d/b/a LuoYan Tech; JiuJiangShi MiYaSuo MaoYi YouXianGongSi d/b/a Cavzru US; LinYi ZhiZe WenHua ChuanMei YouXianGongSi d/b/a Mullburry; and ShenZhenShi YaJiaDi MaoYi YouXianGongSi d/b/a yajiadimaoyi, <br><br>    Plaintiffs, <br><br>    v. <br><br>Aquasonic LLC, <br><br>    Defendant. | CASE NO. _____ <br><br>**COMPLAINT** <br><br>**DEMAND FOR JURY TRIAL** |

*COMPLAINT*

Plaintiffs Shenzhen Lvhe Zhixuan Technology Co., Ltd., d/b/a DenSecc-US, Shenzhen Huigou E-Commerce Co., Ltd., d/b/a Suuny64, XuChang LuoYan Keji YouxianGongSi d/b/a LuoYan Tech, JiuJiangShi MiYaSuo MaoYi YouXianGongSi d/b/a Cavzru US, LinYi ZhiZe WenHua ChuanMei YouXianGongSi d/b/a Mullburry, and ShenZhenShi YaJiaDi MaoYi YouXianGongSi d/b/a yajiadimaoyi (collectively, "Plaintiffs"), by and through their undersigned counsel, complain and allege against Defendant Aquasonic LLC ("Defendant") as follows:

## JURISDICTION AND VENUE

1. This is a civil action arising under (i) the Trademark Laws of the United States, 15 U.S.C §1051, *et seq.*, (ii) the Lanham Act, 15 U.S.C. §1125, *et seq.*, and (iii) under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a) in that it arises under Acts of Congress relating to trademarks. This court has supplemental jurisdiction over Plaintiffs' asserted State law claims under 28 U.S.C. § 1367(a) in that said claims are related to Plaintiffs' federal law claims such that they form part of the same case or controversy.

3. This Court has personal jurisdiction over Defendant because Defendant has a principal place of business in this judicial district, including 1421 N. Main St., Los Angeles, California 90012, and transacts continuous and systematic retail business within the State of California and the Central District of California.

4. Venue is proper under 28 U.S.C. §§ 1391(b)-(c) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial District and Defendant has physical locations residing in this District.

## PARTIES

5. Plaintiff Shenzhen Lvhe Zhixuan Technology Co., Ltd., d/b/a DenSecc-US ("DenSecc-US") is a Limited Liability Company organized and existing under the laws of the People's Republic of China having its principal place of business located at 6A-6C, Building 6,

BUCHALTER LLP
IRVINE

2

*COMPLAINT*

Qiaoxiang Village, Shenzhen, China.

6.     Plaintiff Shenzhen Huigou E-Commerce Co., Ltd., d/b/a Suuny64 ("Suuny64") is a Limited Liability Company organized and existing under the laws of the People's Republic of China having its principal place of business located at 701, Building B, Xinghe Legend Garden, Shenzhen, China.

7.     Plaintiff XuChang LuoYan Keji YouxianGongSi, d/b/a LuoYan Tech ("LuoYan Tech") is a Limited Liability Company organized and existing under the laws of the People's Republic of China having its principal place of business located at 21 Feng Zhuang Street, Weidu District, Xuchang, Henan, China 461005.

8.     Plaintiff JiuJiangShi MiYaSuo MaoYi YouXianGongSi, d/b/a Cavzru US ("Cavzru US") is a Limited Liability Company organized and existing under the laws of the People's Republic of China having its principal place of business located at Room1-032, Building 6, High Technology Industrial Zone, Jiujiang, Jiangxi, China 332503.

9.     Plaintiff LinYi ZhiZe WenHua ChuanMei YouXianGongSi, d/b/a Mullburry ("Mullburry") is a Limited Liability Company organized and existing under the laws of the People's Republic of China having its principal place of business located at 36 Yuda Pedestrian Street, Tancheng County, Linyi, Shandong, China 276100.

10.     Plaintiff ShenZhenShi YaJiaDi MaoYi YouXianGongSi, d/b/a yajiadimaoyi ("yajiadimaoyi") is a Limited Liability Company organized and existing under the laws of the People's Republic of China having its principal place of business located at Room 825, Huafeng Technology Trading Building, Xin'an, Baoan, Shenzhen, Guangdong, China 518102.

11.     Upon information and belief, Defendant Aquasonic LLC is a California Limited Liability Company with its principal place of business at 1421 N. Main St., Los Angeles, California 90012.

BUCHALTER LLP
IRVINE

3

*COMPLAINT*

## STATEMENT OF FACTS

**Plaintiffs' Products**

12.    Plaintiffs are six separate companies, each doing business through its respective Amazon storefront: DenSecc-US, Suuny64, LuoYan Tech, Cavzru US, Mullburry, and yajiadimaoyi (collectively, the "Stores").

13.    Through the Stores, Plaintiffs offer for sale and sell common toothbrush heads and related oral-care products for electric toothbrushes at competitive prices, promoting access to affordable oral-care products.

**Defendant's Products**

14.    Defendant sells many different toothbrushes and replacement heads with different shapes, bristle patterns, and color schemes. For example, Defendant's ICON REPLACEMENT BRUSH HEAD features a rounded-rectangular head and white-and-aqua bristles, with aqua bristles in the middle and white bristles on the outside.  Defendant's PROFLEX REPLACEMENT BRUSH HEAD features an oval head and bristles in white, blue and green. Defendant's STANDARD REPLACEMENT BRUSH HEAD features an oval head and white-and-aqua bristles, with aqua bristles at each end. Defendant uses different color and bristle patterns to indicate products features. Examples of Defendant's advertisements for these products are set forth below.



15.    Defendant's different replacement brush heads serve distinct functional purposes. For example, Defendant's ICON REPLACEMENT BRUSH HEAD is advertised to have firmer

BUCHALTER LLP
IRVINE

4

*COMPLAINT*

teal/aqua center bristles to target surface stains and softer white perimeter bristle to provide gentle care along the gumline.  Defendant's PROFLEX REPLACEMENT BRUSH HEAD is advertised to have angled bristles and alternating hard and soft areas to improve plaque removal.  Defendant's STANDARD REPLACEMENT BRUSH HEAD is advertised to feature an oval shape that fits the natural shape of teeth. Defendant also uses different colors to indicate functional features, including bristle firmness and when a toothbrush head should be replaced.

16.    Defendant also sells electric toothbrush products that include toothbrush heads with different head shapes, bristle patterns, and color schemes.  For example, Defendant's "BLACK SERIES PRO SONIC TOOTHBRUSH" features an oval head and bristles in white, blue and aqua. Defendant's "DUO SERIES SONIC TOOTHBRUSH" features a rounded, diamond-shaped head with a blue-and-white bristle pattern. Examples of Defendant's advertisements for these products are set forth below.




**Defendant's Litigation Concerning Its Purported Trade Dress Rights**

17.    Defendant purports to own unregistered trade dress rights in a single toothbrush-head configuration based on its alleged use since 2017 and alleged secondary meaning developed through consumer recognition of its broader line of toothbrushes and replacement heads, even

*COMPLAINT*

though Defendant sells many other replacement heads all with different shapes, bristle patterns, and color schemes.

18. On February 19, 2026, Defendant filed an infringement action in the United States District Court for the Central District of California against Amazon.com, Inc. and Amazon.com Services LLC, Civil Case No. 2:26-cv-01817, (the "Amazon Action"), alleging that replacement toothbrush heads sold through the Stores on Amazon infringe Aquasonic's asserted unregistered trade dress. A copy of the Complaint is attached hereto as **Exhibit A.**

19. In its Complaint, Defendant defines its purported trade dress (i.e., the "Aquasonic Toothbrush Head Trade Dress") as : "a) a toothbrush head comprised of an oval head with a neck that tapers smoothly outward; b) an oval shaped bristle pattern that follows the outline of the oval shaped head; and c) a combination of white and aqua colored bristles wherein the aqua colored bristles appear at each end of the brush bristles in small clusters comprised of two or more aqua colored bristle clumps." *See* Ex. A ¶ 25.

20. Defendant further alleges that Amazon introduced the accused products sold by the Stores into the stream of commerce in an effort to exploit Aquasonic's goodwill and reputation. *See* Ex. A ¶ 31.

21. Defendant subsequently submitted complaints to Amazon alleging trade dress infringement based on the asserted trade dress and the allegations in its action against Amazon. Those complaints resulted in the delisting of product listings associated with ASIN (Amazon Standard Identification Number) Nos. B0D7ZSR9J3, B0BC33DJZ8, B0BHWKT2F2, B0BVBP5253, B0BLS4RCGM, B0B4C9QRHS, B0B4C9P52X, B0D2ZP3NXL, B0D2ZPGC1H, B0F1FR7WZ9, B0D8KJ4CXJ, B0C5LLX15B, B0C6M6FCX7, B0FCRSYM8R, B0C3BHDPW2, B0DGDX463B, B0FQBYL96G, B0DRV2RNK2, B0F1FSYHL6, B0FR4W29P7, B0CRRBSJKH, B0F9Y56YZF and B0FDQHHNS, which are sold by Plaintiffs through the Stores (the "Accused ASINs").

22. On May 12, 2026, the court in the Amazon Action issued an Order to Show Cause, ordering Defendant to show cause why the action should not be dismissed for lack of prosecution.

*See* **Exhibit B**. On May 19, 2026, Defendant responded that the parties had been engaged in settlement discussions and that, once the settlement agreement was finalized, "the matter can be dismissed with prejudice." *See* **Exhibit C**.

23.     On or about May 21, 2026, Defendant submitted additional complaints to Amazon concerning Plaintiffs' ASIN Nos. B0C5LHBQNK, B0FG7CB83C, B0GK9B4GRM, B0G6YD9FCD, B0F1JR3HG7, again alleging infringement of the alleged Aquasonic Toothbrush Head Trade Dress.   Shortly thereafter, Amazon removed the newly accused ASINs.

**Defendant Has No Enforceable Trade Dress Rights.**

24.     Defendant's alleged trade dress rights in the product design lack the requisite legal requirements to be protectable and to be enforceable. Defendant has not applied for nor obtained a federal registration for the alleged Aquasonic Toothbrush Head Trade Dress.  Upon information and belief, Defendant has not registered the alleged Aquasonic Toothbrush Head Trade Dress as it does not function as a source-identifier, cannot be inherently distinctive, has not acquired distinctiveness, and is functional.

25.     In addition, Defendant conflates alleged consumer recognition of the Aquasonic brand and its broader line of toothbrushes and replacement heads, which feature a variety of head shapes, bristle patterns, and color schemes (many of which differ from the alleged Aquasonic Toothbrush Head Trade Dress) with recognition of the single product configuration it now claims as trade dress.  Thus, the allegations in Defendant's Complaint and its complaints submitted to Amazon concerning infringement of the alleged Aquasonic Toothbrush Head Trade Dress lack merit because Defendant lacks any trade dress rights under federal or state statutory or common law.

26.     Further, similar head and neck shapes, bristle patterns, and color schemes are commonly used by third parties in the oral-care industry.  Examples of third-party products incorporating identical and/or similar features are shown below.

BUCHALTER LLP
IRVINE

7

*COMPLAINT*





27.    Moreover, the product design features Defendant asserts as the alleged "AQUASONIC TOOTHBRUSH HEAD TRADE DRESS" are functional and/or non-distinctive features commonly used in the oral-care industry. For example, the round toothbrush head and corresponding bristle pattern serve to fit the shape of teeth (*See* "*These DuPont-engineered standard electric toothbrush replacement heads are curved to fit the natural shape of your teeth*"

https://www.aquasonic.com/collections/replacement-parts/products/aquasonic-black-series-replacement-brush-heads-2-pack. ). The tapered neck is common and allows the brush head to better reach and maneuver around teeth and along the gumline. The color scheme indicates bristle firmness and signals when replacement may be needed ('*Firmer teal center bristles help target surface stains and plaque buildup, while softer white perimeter bristles provide gentle care along the gumline for added comfort during daily brushing.*" https://www.aquasonic.com/collections/replacement-parts/products/icon-replacement-brush-heads. and "*If you notice frayed bristles, discoloration, or reduced cleaning effectiveness before 3 months, replace them sooner.*" https://www.aquasonic.com/collections/replacement-parts/products/aquasonic-duo-pro-8-pack-replacement-brush-heads. ).

28.     In addition, the product design features accused by Defendant as allegedly being confusingly similar to Defendant's purported trade dress are not a source identifier of Defendant's product or the accused products of Plaintiffs. Accordingly, the accused features do not function as trade dress and do not infringe any purported trade dress rights of Defendant.

**There is No Likelihood of Confusion.**

29.     Plaintiffs' products are not likely to cause confusion, mistake, and/or deception among the purchasing public.  Plaintiffs' products are different than Defendant's purported trade dress.  Among other things, Plaintiffs' products feature different colors, different bristle patterns, and different bristle shapes.

30.     For example, Cavzru US's product features bristles in a green, white, and blue color scheme. Suuny64's product features bristles in a green, white, and blue color scheme, with green bristles positioned on the outside.  Mullbury's product does not even feature an oval-shaped bristle pattern.  Examples of certain products delisted as a result of Defendant's complaints are shown below.

BUCHALTER LLP
IRVINE

9

*COMPLAINT*



Storefront: Mullbury,          Storefront: Suuny64          Storefront: Cavzru US

ASIN: B0B4C9P52X          ASIN: B0DRV2RNK2          ASIN: B0C3BHDPW2

31.     Plaintiffs have not infringed any valid, distinctive and enforceable trade dress rights owned by Defendant relating to its purported trade dress, either directly or by inducing others to infringe or by contributing to infringement by others.

32.     There presently exists a justiciable controversy regarding Plaintiffs' right to sell its products free of any allegation by Defendant that such conduct constitutes an infringement of Defendant's alleged trade dress rights.

## COUNT ONE

### Declaratory Relief: Unenforceability of Trade Dress -
### Failure to Function as a Source Identifier

33.     Plaintiffs incorporate the allegations contained the preceding Paragraphs of the Complaint as though set forth fully herein.

34.     This is a declaratory judgment action under the Lanham Act, 15 U.S.C. §§ 1117 and 1125, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

35.     In its Complaint, Defendant claims that Plaintiffs' accused products infringe the

Defendant's alleged Aquasonic Toothbrush Head Trade Dress, and, subsequently submitted numerous infringement complaints to Amazon based on those allegations, resulting in the removal of all accused product listings from Amazon.

36.     The alleged Aquasonic Toothbrush Head Trade Dress consists of functional features that are well known in the art and widely used in oral care products. Defendant also sells numerous toothbrushes and replacement brush heads featuring head shapes, neck shapes, bristle patterns, and color schemes, all different from the alleged Aquasonic Toothbrush Head Trade Dress and all offered under the same Aquasonic brand.

37.     Defendant has no trade dress rights in these features because they are not used or perceived as a source identifier.  Defendant cannot register or otherwise protect or enforce their purported trade dress, because it fails to function as a source identifier.

38.     An actual justiciable controversy exists by virtue of the actual damages Plaintiffs have suffered as a result of Defendant's infringement allegations and complaints to Amazon, which caused Amazon to remove Plaintiffs' product listings.

39.     An actual justiciable controversy also exists by way of the damages Plaintiffs have suffered, and continue to face, from the destruction and impending destruction of inventory associated with the delisted ASINs under Amazon's delisting policies.

40.     Plaintiffs request an order declaring that the Defendant's alleged Aquasonic Toothbrush Head Trade Dress lacks the requisite legal requirements to be protectable and enforceable.

<u>**COUNT TWO**</u>

**Declaratory Relief: Unenforceability of Trade Dress -**
**Functional**

41.     Plaintiffs incorporate the allegations contained in the preceding Paragraphs of the Complaint as though set forth fully herein.

42.     This is a declaratory judgment action under the Lanham Act, 15 U.S.C. §§ 1117 and 1125, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

BUCHALTER LLP
IRVINE

11

*COMPLAINT*

43.     In its Complaint, Defendant claims that Plaintiffs' accused products infringe the alleged Aquasonic Toothbrush Head Trade Dress, and, subsequently submitted numerous infringement complaints to Amazon based on those allegations, resulting in the removal of all accused product listings from Amazon.

44.     In its Complaint, Defendant defines its alleged Aquasonic Toothbrush Head Trade Dress as including "a) a toothbrush head comprised of an oval head with a neck that tapers smoothly outward; b) an oval shaped bristle pattern that follows the outline of the oval shaped head; and c) a combination of white and aqua colored bristles wherein the aqua colored bristles appear at each end of the brush bristles in small clusters comprised of two or more aqua colored bristle clumps." Defendant's oval head, however, functions to fit natural shape of teeth. Defendant's tapered neck functions to allow the brush head to maneuver around teeth.  The claimed oval bristle pattern functions to provide cleaning coverage across the tooth surface.  The claimed color scheme functions to indicate bristle firmness, cleaning zones, and when the brush head should be replaced.

45.     Defendant has no trade dress rights in these product-design features as they are functional.  Defendant's product designs are also essential to the use or purpose of Defendant's products and/or affect the cost or quality of Defendant's products.

46.     Defendant cannot register or otherwise protect or enforce its purported trade dress because it is functional.

47.     An actual justiciable controversy exists by virtue of the actual damages Plaintiffs have suffered as a result of Defendant's infringement allegations and complaints to Amazon, which caused Amazon to remove Plaintiffs' product listings.

48.     An actual justiciable controversy also exists by way of the damages Plaintiffs have suffered, and continue to face, from the destruction and impending destruction of inventory associated with the delisted ASINs under Amazon's delisting policies.

49.     Plaintiffs request an order declaring that the Defendant's alleged Aquasonic

BUCHALTER LLP
IRVINE

12

*COMPLAINT*

Toothbrush Head Trade Dress lacks the requisite legal requirements to be protectable and enforceable.

## COUNT THREE
### Declaratory Relief: Unenforceability of Trade Dress - Lack of Acquired Distinctiveness

50.     Plaintiffs incorporate the allegations contained in the preceding Paragraphs of the Complaint as though set forth fully herein.

51.     This is a declaratory judgment action under the Lanham Act, 15 U.S.C. §§ 1117 and 1125, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

52.     In its Complaint, Defendant claims that Plaintiffs' accused products infringe the alleged Aquasonic Toothbrush Head Trade Dress, and, subsequently submitted numerous infringement complaints to Amazon based on those allegations, resulting in the removal of all accused product listings from Amazon.

53.     In its Complaint, Defendant defines  the alleged Aquasonic Toothbrush Head Trade Dress as including "a) a toothbrush head comprised of an oval head with a neck that tapers smoothly outward; b) an oval shaped bristle pattern that follows the outline of the oval shaped head; and c) a combination of white and aqua colored bristles wherein the aqua colored bristles appear at each end of the brush bristles in small clusters comprised of two or more aqua colored bristle clumps."

54.     Defendant has no trade dress rights in these product-design features because they cannot be inherently distinctive and have not acquired distinctiveness through secondary meaning.

55.     An actual justiciable controversy exists by virtue of the actual damages Plaintiffs have suffered as a result of Defendant's infringement allegations and complaints to Amazon, which caused Amazon to remove Plaintiffs' product listings.

56.     An actual justiciable controversy also exists by way of the damages Plaintiffs have suffered, and continue to face, from the destruction and impending disposal of inventory

BUCHALTER LLP
IRVINE

13

*COMPLAINT*

associated with the delisted ASINs under Amazon's delisting policies.

57.     Plaintiffs request an order declaring that the Defendant's alleged Aquasonic Toothbrush Head Trade Dress lacks the requisite legal requirements to be protectable and enforceable.

## COUNT FOUR

### Declaratory Relief: Non-Infringement of Trade Dress

58.     Plaintiffs incorporate the allegations contained in the preceding Paragraphs of the Complaint as though set forth fully herein.

59.     This is a declaratory judgment action under the Lanham Act, 15 U.S.C. §§ 1117 and 1125, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

60.     In its Complaint, Defendant claims that Plaintiffs' accused products infringe the Defendant's alleged Aquasonic Toothbrush Head Trade Dress, and, subsequently submitted numerous infringement complaints to Amazon based on those allegations, resulting in the removal of all accused product listings from Amazon.

61.     The accused features on Plaintiffs' accused products do not function as trade dress and do not infringe any trade dress rights of Defendant. Instead, the accused features are non-protectible functional features and/or are non-distinctive features. These product design features cannot infringe any purported trade dress because trade dress rights do not subsist in functional and/or non-distinctive features.

62.     Furthermore, Plaintiffs' products are not likely to cause confusion, mistake, and/or deception among the purchasing public.  Plaintiffs' products are distinguishable from the alleged Aquasonic Toothbrush Head Trade Dress. Among other things, Plaintiffs' products utilize different color schemes and different bristle patterns.

63.     For example, Cavzru US's product features bristles in a green, white, and blue color scheme. Suuny64's product features bristles in a green, white, and blue color scheme, with green bristles positioned on the outside.  Mullbury's product does not feature an oval-shaped

Buchalter LLP

Irvine

14

*COMPLAINT*

bristle pattern.

64.    An actual justiciable controversy exists by virtue of the actual damages Plaintiffs have suffered as a result of Defendant's infringement allegations and complaints to Amazon, which caused Amazon to remove Plaintiffs' product listings.

65.    An actual justiciable controversy also exists by way of the damages Plaintiffs have suffered, and continue to face, from the destruction and impending disposal of inventory associated with the delisted ASINs under Amazon's delisting policies.

66.    Plaintiffs are entitled to declaratory judgment that they are not infringing, have not infringed, and are not liable for infringing any purported trade dress rights owned by Defendant relating to its alleged Aquasonic Toothbrush Head Trade Dress, either directly or by inducing others to infringe or by contributing to infringement by others.

### COUNT FIVE

**Tortious Interference with Prospective Economic Advantage**

67.    Plaintiffs incorporate the allegations contained in the preceding Paragraphs of the Complaint as though set forth fully herein.

68.    Plaintiffs have existing business relationships with Amazon and its customers that were economically beneficial.

69.    Plaintiffs also have prospective economic relations with certain customers and prospective customers which would be of economic benefits to Plaintiffs.

70.    Defendant knew of the existence of Plaintiffs' economic relationship and prospective economic relations with Amazon, customers, and prospective customers.

71.    Defendant intentionally interfered in these economic relationships, causing a breach of the relationships with no privilege to do so.

72.    Also, Defendant intentionally and improperly interfered with Plaintiffs' prospective contractual or economic relations by inducing or causing the customer and/or prospective customer not to enter into or continue its prospective relationship with Plaintiffs or

BUCHALTER LLP
IRVINE

15

*COMPLAINT*

has prevented Plaintiffs from acquiring or continuing their prospective relations.

73.    Defendant's actions have been without justification or privilege.

74.    Defendant's acts, as set forth above constitute tortious interference, all to the damage of Plaintiffs as previously alleged.

## COUNT SIX

### Unfair Competition (B&P Code §17200, *et seq.)*

75.    Plaintiffs incorporate the allegations contained in the preceding Paragraphs of the Complaint as though set forth fully herein.

76.    Defendant's conduct is unfair because it is unethical, oppressive, false and misleading.  Defendant falsely asserted intellectual property rights that were unenforceable on its face and did so recklessly, and/or negligently in order to disrupt and eliminate Plaintiffs' business on Amazon.

77.    As a result of Defendant's unfair practices, Plaintiffs have sustained damages to their reputation and have been further damaged by the loss of trust from their customers, loss of sales, and loss of potential business opportunities, including an opportunity to sell their products through Amazon, and by attorney's fees incurred in order to defend themselves against Defendant's false claims.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in its favor and against Defendant as follows:

a.    Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be temporarily restrained and preliminarily and permanently enjoined from:

i.    interfering with Plaintiffs' economic and prospective relationship with Amazon and Plaintiffs' customers, including sending false or misleading complaints of infringement to Amazon;

BUCHALTER LLP
IRVINE

16

*COMPLAINT*

ii.   unfairly competing with Plaintiffs;

iii.   conspiring, encouraging, inducing, allowing, abetting, or assisting others in performing any of the activities referred to in subparagraphs (i) – (ii) above.

b.   An order requiring Defendant to withdraw, retract, or correct all complaints submitted to Amazon alleging that Plaintiffs' products infringe Defendant's alleged Aquasonic Toothbrush Head Trade Dress;

c.   An order declaring Defendant's alleged Aquasonic Toothbrush Head Trade Dress lacks the requisite legal requirements to be protectable and to be enforceable;

d.   An order declaring that Plaintiffs' products do not and have not infringed any valid, distinctive and enforceable trade dress rights owned by Defendant relating to its alleged Aquasonic Toothbrush Head Trade Dress, either directly or by inducing others to infringe or by contributing to infringement by others;

e.   An order awarding Plaintiffs damages in an amount to be proven at trial;

f.   An order awarding Plaintiffs their attorneys' fees, costs, and expenses incurred in connection with this action, including pursuant to 15 U.S.C. §1117(a) and any other applicable law; and

g.   An order awarding such other and further relief as this Court deems just and proper.


DATED: May 29, 2026                    BUCHALTER LLP


                                       By:  _____/s/ Matthew Seror_____

                                       MATTHEW L. SEROR
                                       NEUSHA ETEMAD
                                       Attorney for Plaintiffs
                                       Shenzhen Lvhe Zhixuan Technology Co., Ltd.,
                                       d/b/a DenSecc-US,
                                       Shenzhen Huigou E-Commerce Co., Ltd., d/b/a
                                       Suuny64,

*COMPLAINT*

XuChang LuoYan Keji YouxianGongSi d/b/a LuoYan Tech,
JiuJiangShi MiYaSuo MaoYi YouXianGongSi d/b/a Cavzru US,
LinYi ZhiZe WenHua ChuanMei YouXianGongSi d/b/a Mullburry, and
ShenZhenShi YaJiaDi MaoYi YouXianGongSi d/b/a yajiadimaoyi.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a trial by jury on all claims triable by jury.

DATED: May 29, 2026                    BUCHALTER LLP


By:    _____/s/ Matthew Seror_____

MATTHEW L. SEROR
NEUSHA ETEMAD
Attorney for Plaintiffs
Shenzhen Lvhe Zhixuan Technology Co., Ltd.,
d/b/a DenSecc-US,
Shenzhen Huigou E-Commerce Co., Ltd., d/b/a
Suuny64,
XuChang LuoYan Keji YouxianGongSi d/b/a
LuoYan Tech,
JiuJiangShi MiYaSuo MaoYi YouXianGongSi
d/b/a Cavzru US,
LinYi ZhiZe WenHua ChuanMei YouXianGongSi
d/b/a Mullburry, and
ShenZhenShi YaJiaDi MaoYi YouXianGongSi
d/b/a yajiadimaoyi.

BUCHALTER LLP
IRVINE

19

*COMPLAINT*